IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DYROL T. STUBBS, §
    Petitioner, §
 §
v. §   Civil Action No. 4:07-CV-301-Y
 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Dyrol T. Stubbs, TDCJ-ID #616320, was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Angleton, Texas, when this petition was filed. He has since been released.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

By the instant habeas application, Stubbs challenges a disciplinary proceeding conducted at the Wayne Scott Unit, and the resultant 30-day cell restriction, 45-day commissary restriction, reduction in class status from L2 to L3, and loss of 60 days good time. (Disciplinary Hrg. R. at 1) Stubbs was charged in Disciplinary Case No. 20070174399 for extortion of money, a level 1, code 5.1 violation. (Id. at 2.) The offense report alleged that on February 21, 2007, Stubbs "did attempt to extort $200.00 from Victor - address 4225 Bernice St., Lot 20, Ft. Worth, TX 76117 in that Offender Stubbs, Dyrol #616320 threatens to not sign divorce papers until Teena M. Smith (Stubbs) #1406168 sends him $200." (Id.)

The following additional information was also provided in the report:

> Offender Stubbs, Dyrol #616320 is writing to his wife Teena Smith #1406168 at the Dawson State Jail and telling her that he has come up with a way to get some money. Stubbs, Dyrol states that he is going to write Victor and tell Victor (a friend of Teena's) that Stubbs and Teena cannot correspond with each other and that Teena sent him divorce papers and that he will not sign the divorce papers until Teena sends him $200.00. Stubbs told Teena that if Victor asks her if she wants him to send $200.00 to tell him yes. (Id.)

After receiving notice of the charges, Stubbs was appointed counsel substitute at his request and attended a disciplinary hearing on March 1, 2007, during which he was found guilty of the charged offense based on his plea of guilty and documentary evidence. (Id. at 1, 14) Stubbs filed Step 1 and Step 2 grievances contesting the disciplinary conviction and penalty, and, as a result of his Step 2 grievance, the offense code was corrected and Stubbs's punishment was reduced to 30 days loss of good time. (Disciplinary Grievance R. at 1-4) He subsequently filed this federal

petition for writ of habeas corpus.[1] Quarterman has filed an answer with supporting documentation, and Stubbs has filed a reply.

D. GROUNDS

Stubbs argues in one ground that his right to due process was violated in the disciplinary proceeding because the disciplinary hearing officer, Officer Reese, uses the "same routine ruse reason" to impose punishment, whether severe or lenient, in 99% of the cases before him in violation of *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) and the guidelines in TDCJ's Disciplinary Rules and Procedures for Offenders. (Petition at 7)

E. RULE 5 STATEMENT

Stubbs has exhausted his state remedies with regard to the issue presented as required by 28 U.S.C. § 2254(b)(1)(A).

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent the disciplinary proceeding resulted in cell restrictions, the loss of commissary privileges, and the reduction in line class status, which do not impact the fact or duration of confinement, these claims do not raise a federal constitutional question. *Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

1995).

Stubbs's loss of good time credits calls for a more careful analysis. A state prisoner who is eligible for release to mandatory supervision, as is Stubbs apparently, has a protected liberty interest in the loss of good time credits, and TDCJ must accord the inmate minimal procedural due process before depriving him of any previously earned good time credits through administrative or disciplinary proceedings. *Teague v. Quarterman*, 482 F.3d 769, 776-81 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).

In Stubbs's case, he was notified of the disciplinary charges on February 22, 2007, more than 24 hours before the disciplinary hearing, and he requested and received counsel substitute. (Disciplinary Hrg R. at 1, 12) At the hearing, Stubbs pled guilty to the disciplinary offense and was given the opportunity to make a statement, call witnesses and present documentary. Finally, Stubbs was notified in writing of the evidence relied on and the reasons for the disciplinary action. (Disciplinary Hrg. R. at 1, 14) Specifically Officer Reese stated the following reason in the "TDCJ Disciplinary Report and Hearing Record" for the disciplinary action taken: "To modify the offender's behavior. This type of behavior will not be tolerated in TDCJ-ID." (Disciplinary Hrg. R. at 1) Stubbs contends that Officer Reese's written reason was nonspecific and that *Wolff* and the prison's disciplinary rules require more than the officer's "rote explanation" for the punishment

imposed. However, the reason cited by Officer Reese constitutes adequate "written statement" under *Wolff*. Stubbs received all the due process he was entitled.

Thus, to the extent Stubbs's petition has not been rendered moot as a result of his release, he has failed to show that he has been denied a constitutionally protected interest.

## II. RECOMMENDATION

Stubbs's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 25, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 25, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 4, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE